UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL VALENCIA,<br><br>    Petitioner,<br><br>    v.<br><br>DEBBIE ASUNCION,<br><br>    Respondent. | No. 2:18-cv-2886 JAM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, seeking a writ of habeas corpus. See 28 U.S.C. § 2254. He challenges the restitution fine imposed as part of his state sentence.

Petitioner seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted. See 28 U.S.C. § 1915(a). However, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be dismissed. See Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Petitioner challenges the restitution order imposed as part of his sentence after a jury convicted him of first degree murder with special circumstance. (ECF No. 1 at 1.) He claims that the fine is excessive, and that he is unable to pay it. (ECF No. 1 at 5.) Petitioner asks this court

1

to reverse the fine and remand his case for a hearing on his ability to pay the fine. (ECF No. 1 at 14.)

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. The Ninth Circuit has explicitly held that "an attack on a restitution order is not an attack on the execution of a custodial sentence . . . [Thus,] § 2254(a) does not confer jurisdiction over a challenge to a restitution order." Bailey v. Hill, 599 F.3d 976, 892-83 (9th Cir. 2010) (citing United States v. Kramer, 195 F.3d 1129 (9th Cir. 1999)). Because the instant petition only challenges the restitution portion of petitioner's sentence, the "custody" requirement of Section 2254(a) is not satisfied and the court does not have jurisdiction to entertain petitioner's claims.

IT IS HEREBY ORDERED that petitioner's request for leave to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed, and the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2019

/vale2886.156

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE